**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

PARTNERS OF MASSACHUSETTS, LLC, PARTNERS PHARMACY, LLC, and PARTNERS PHARMACY SERVICES, LLC

*Plaintiffs*,

v.

JOHN FANTASIA and PAUL SARDAGNOLA

*Defendants*.

Civil No.: 2:15-cv-07960 (KSH) (CLW)

**OPINION**

**Katharine S. Hayden, U.S.D.J.**

Before the Court are John Fantasia and Paul Sardagnola's motions to transfer venue to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a). Sardagnola has also moved to dismiss the claims against him for lack of personal jurisdiction or, in the alternative, on the basis of *forum non coveniens*. For the reasons set forth below, defendants' motions are denied.

## I. Background

On January 19, 2016, plaintiffs Partners of Massachusetts, LLC, Partners Pharmacy, LLC, and Partners Pharmacy Services, LLC (collectively, "Partners") filed an amended complaint (D.E. 18) against John Fantasia and Paul Sardagnola alleging various contractual and common law causes of action stemming from Fantasia's sale of his pharmacy business to Partners. According to the amended complaint, Fantasia, a Massachusetts resident, made the sale to Partners of Massachusetts LLC pursuant to an asset purchase agreement (the "APA") dated March 22, 2013. (Am. Compl. ¶¶ 1–2). The APA contains the following language regarding disputes:

> This Agreement shall be governed by and construed in accordance with the Laws of the State of New Jersey without regard to the rules of conflict of laws of the State of New Jersey or any other jurisdiction. Each of the parties irrevocably and unconditionally consents to submit to the jurisdiction of the federal or state courts of or located within the State of New Jersey for any litigation arising out of or relating to this Agreement and the transactions contemplated thereby (and agrees not to commence any litigation relating thereto except in such courts), waives any objection to the laying of venue of any such litigation therein, and agrees not to plead or claim that such litigation has been brought in an inconvenient forum.
>
> APA, § 10.5, Exh. A to Compl.[1]

Additionally, section 3.3(h) of the APA required Fantasia to execute a separate restrictive covenant agreement containing the following language regarding jurisdiction:

> The Obligated Parties acknowledge that the parties intend to and hereby confer jurisdiction to enforce the covenants contained in this Agreement upon the courts of any state within the geographical scope of such covenants.

Fantasia Restrictive Covenant, § 6, Exh. B. to Am. Compl. The restrictive covenant defines the geographical scope of the agreement as "(i) in the States of Massachusetts and Connecticut and/or (ii) within a one hundred (100) mile radius of the Buyer's facilities located at 1451 Concord Street, Suite 6, Framingham, Massachusetts 01701." Fantasia Restrictive Covenant, § 1, Exh. B. to Am. Compl.

Sardagnola, a Massachusetts resident and key employee of Fantasia's pharmacy business, was not a signatory on the APA. However, as a condition to closing with Fantasia, Partners required that he enter into a non-solicitation agreement and an employment agreement with it. Am. Compl. ¶¶ 27–30. While Sardagnola's agreements are silent with respect to jurisdiction, his

[1] While the APA was attached to the original complaint (D.E. 1) as Exhibit A, it was not attached to the amended complaint (D.E. 18), which attaches exhibits B through E only. In the absence of any indication to the contrary, the Court treats this as an oversight and cites to the APA attached to the original complaint for purposes of this motion.

non-solicitation agreement states that it is "made in New Jersey and shall be governed by and construed in accordance with the laws of New Jersey." Sardagnola Non-Solicitation Agreement, § 12(d), Exh. C. to Am. Compl.

Both the APA and Fantasia's restrictive covenant prohibit him from engaging in certain competitive activities in and around Massachusetts and Connecticut for a period of six years after the transaction's closing date. Am. Compl. ¶ 22; Exh. B. to Am. Compl. Similarly, Sardagnola's non-solicitation agreement prohibits him from soliciting or interfering with Partners' customers or employees or otherwise competing with Partners during his employment, and for a period of one year after his employment ended. Am. Compl. ¶ 26; Exh. C. to Am. Compl.

On January 19, 2016, Partners filed the instant action alleging that:

> Fantasia and Sardagnola have taken steps to set up a pharmacy to compete with Partners, have solicited Partners customers, have interfered with Partners' contracts with its customers, have induced certain customers to terminate their contracts with Partners, and have used and disclosed proprietary information belonging to Partners all in violation of the APA and the Restrictive Covenant Agreements that were material terms of and incorporate[d] by reference into the APA.
>
> Am. Compl. ¶ 28; *see also id.* at ¶¶ 29–37.

On March 14, 2016, Sardagnola filed a motion to dismiss for lack of personal jurisdiction and *forum non conveniens* (D.E. 33). In the alternative, he sought to transfer venue to the District of Massachusetts "for the convenience of the parties and the witnesses" pursuant to 28 U.S.C. § 1404(a). *Id*. On March 15, 2016, Fantasia filed a motion to transfer venue to the District of Massachusetts on the same grounds (D.E. 35). Partners opposed both motions (D.E. 38, 39) and defendants filed replies (D.E. 40, 41).

The Court makes its decision on the papers.

## II. Discussion

**A. Fantasia's Motion to Transfer**

Fantasia argues that the facts of this case militate in favor of transferring this action to the District of Massachusetts pursuant to 28 U.S.C. 1404(a), which gives a district court discretion to transfer a case to any other district where venue is proper "for the convenience of parties and witnesses, in the interest of justice." *See Samuels v. Medytox Solutions, Inc.*, 2014 WL 4441943, at *3 (D.N.J. Sept. 8, 2014) (quoting 28 U.S.C. 1404(a)). "[T]he court must consider an array of both private and public factors in deciding whether to grant the transfer." *Id*. (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 837, 879–80 (3d Cir. 1995)).

The existence of a forum selection clause, however, alters the traditional private and public factors analysis. The Supreme Court has held that a valid forum selection clause "should be given controlling weight in all but the most exceptional circumstances." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013) (internal quotation and citation omitted).

The APA contains the following language regarding forum selection:

> Each of the parties irrevocably and unconditionally consents to submit to the jurisdiction of the federal or state courts of or located within the State of New Jersey *for any litigation arising out of or relating to this Agreement and the transactions contemplated thereby* (and agrees not to commence any litigation relating thereto except in such courts), waives any objection to the laying of venue of any such litigation therein, and agrees not to plead or claim that such litigation has been brought in an inconvenient forum.

APA, § 10.5, Exh. A to Compl. (emphasis added). The issue becomes whether the claims that Partners now brings against Fantasia "arise out of or relate to" to the APA "and the transactions contemplated thereby." *Id.*

Fantasia argues that to arise out of the APA a cause of action must relate to "the conditions necessary for closing, i.e.: transfer of assets, assignment of client contracts, conducting an inventory, etc." Fantasia Moving Br., at pp. 18–19. Because the instant action pertains to conduct implicating Fantasia's restrictive covenant that occurred subsequent to the transaction itself, and "does not arise out of a failed purchase[,]" Fantasia maintains that the claims against him do not "arise out of or relate to" the APA. *Id.*

The Court disagrees. Section 3.3(h) of the APA summarizes Fantasia's obligations under his restrictive covenant, and the restrictive covenant was attached as an exhibit to the APA. Section 10.4 of the APA states that "[t]his Agreement (including all Annexes, Schedules, *Exhibits*, and the other documents and instruments referred to herein) . . . constitutes the entire agreement . . . ." APA, § 10.4, Exh. A to Compl. (emphasis added). Additionally, Partners alleges that Fantasia wrongfully targeted customers that Partners acquired under the APA. *See* Am. Compl. ¶¶ 32–33, 37–40. Fantasia even states in his moving papers that "[t]he cause of action against Mr. John Fantasia *arises out of* an Asset Purchase Agreement [i.e. the APA] . . . ." Fantasia Moving Br., at p. 1 (emphasis added). The Court easily finds that the claims against Fantasia "arise out of or relate to" the APA, and accordingly the APA's forum selection clause—which lays exclusive jurisdiction in New Jersey—is operative.

Fantasia argues that the language in his restrictive covenant agreement conferring jurisdiction to enforce the covenants upon the Massachusetts courts directly conflicts with the forum selection clause in the APA, thereby requiring the Court to disregard the jurisdictional language in the APA. *See* Fantasia Moving Br, at p. 21. Although the APA *mandates* that all claims arising out of or relating to it must be litigated in New Jersey, the restrictive covenant *permits* (but does not require) Partners to seek enforcement of the restrictive covenant in

Massachusetts. The Court finds that the mandatory forum selection clause in the APA controls. *See Dawes v. Publish Am. LLLP*, 563 F. App'x 117, 118 (3d Cir. 2014) (quoting *Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004) ("A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere whereas [a] mandatory clause . . . dictates an exclusive forum for litigation under the contract.") (internal quotations omitted).

Having found that the forum selection clause in the APA is mandatory, the Court now turns to what effect the clause has on Partners' transfer motion. In *Atlantic Marine*, the Supreme Court held that the parties' private interests are to be completely disregarded when considering a § 1404(a) transfer motion in the context of a valid mandatory forum selection clause. *See Atlantic Marine*, 134 S. Ct. at 582. "[O]nly the public interest factors are relevant in the presence of a forum selection clause, and since 'those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual circumstances.'" *Samuels*, 2014 WL 4441943, at *4 (quoting *Atlantic Marine*, 134 S. Ct. at 582). Thus, finding that the APA contains a mandatory forum selection clause covering the instant dispute, the Court considers whether there are "unusual circumstances" *vis-à-vis* the public interests that would compel it to exercise discretion and disregard the parties' contractually agreed-upon venue.

The public interests set forth by the Third Circuit in *Jumara* include: (1) enforceability of the Court's judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the level of congestion in the respective forums, (4) the local interest in deciding local controversies at home; (5) the public policies of the forum; and (6) the familiarity of the

trial judge with the applicable state law in diversity cases. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 837, 879–80 (3d Cir. 1995).

Fantasia offers several reasons why the public interests militate in favor of a transfer to Massachusetts. First, because both defendants reside in Massachusetts and the restrictive covenants at issue do not prohibit conduct in New Jersey, Fantasia argues that the injunctive relief Partners seeks cannot be enforced in New Jersey and that "a judgment issued by New Jersey Court would necessitate an additional action and multiple law suits in the event damages are awarded." Fantasia Moving Br., at p. 30. Partners counters that "the Full Faith and Credit Clause of the United States Constitution requires a court in Massachusetts to give *res judicata* effect to any judgment entered by this Court." Partners Opp. Br., at p. 14.

Second, Fantasia argues that proceeding with this case in New Jersey "requires cumbersome efforts for discovery and trial preparation" because "[t]he witnesses, records, and parties are all in Massachusetts." Fantasia Moving Br., at p. 30. Partners counters that "[i]n the era of electronic discovery and document management, it is unlikely that litigating the case in New Jersey, rather than Massachusetts, will pose any exceptional burden to anyone." Partners Opp. Br., at p. 15.

Third, Fantasia argues that Massachusetts has a greater interest in deciding this controversy because the alleged acts giving rise to the claims against him occurred primarily in Massachusetts and both defendants reside there. *See* Fantasia Moving Br., at pp. 31–34. Partners counters that "New Jersey has a strong interest both in enforcing the contractual expectations of parties that a mandatory and exclusive forum selection provision will be enforced, and in providing a forum for its residents and in enforcing the contractual obligations of those who contract with New Jersey residents." Partners Opp. Br., at p. 15. Partners further

notes that "Plaintiffs' ultimate members include a New Jersey corporation based in New Jersey and individuals who reside in New Jersey." *Id.* at n. 10. *See Carden v. Arkoma Associates*, 110 S. Ct. 1015 (1990) (citizenship of LLC is determined by citizenship of members).

Finally, because his restrictive covenant calls for the application of Massachusetts law, Fantasia argues that the District of Massachusetts is better equipped to adjudicate this dispute. *See* Fantasia Moving Br., at pp. 34–35. Partners counters that this Court regularly applies the law of another state sitting in diversity. *See* Partners Opp. Br., at p. 15. Additionally, Partners' claims for breach of the APA are governed by New Jersey law. *See* APA, § 10.5, Exh. A to Compl.

Weighed in their totality, the public interest factors in this case do not warrant an override of the APA's mandatory forum selection clause. *Atlantic Marine* instructs:

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, the 'interest of justice' is served by holding parties to their bargain.

*Atlantic Marine*, 134 S. Ct. at 583. Thus, although this case has connections to Massachusetts, Fantasia is contractually bound to litigate the claims against him in New Jersey, and he has failed to meet his burden of showing that the public interest factors compel the Court to disregard the parties' bargained-for venue.

Because the claims against Fantasia "arise out of or relate to" the APA, then pursuant to its plain language, as a signatory Fantasia: (1) consented to federal court jurisdiction in New Jersey; (2) waived any objection to the laying of venue in New Jersey; and (3) agreed not to plead or claim that the instant litigation has been brought in an inconvenient forum. *See* APA, §

10.5, Exh. A to Compl. There are no "exceptional circumstances" supporting a transfer of the claims against Fantasia to the District of Massachusetts and his motion (D.E. 35) is denied.

**B. Sardagnola's Motion to Dismiss/Transfer**

Sardagnola did not sign the APA and has moved separately to dismiss the claims against him for lack of personal jurisdiction and/or *forum non conveniens* or, in the alternative, to transfer the claims against him to the District of Massachusetts under 28 U.S.C. § 1404(a). For the reasons set forth below, his motion (D.E. 33) is also denied.

**1. Personal Jurisdiction**

Sardagnola argues that his connection with New Jersey is not sufficient to confer personal jurisdiction over him upon this Court. There are "two types of personal jurisdiction which comport with [] due process principles: general and specific jurisdiction. General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state . . . . Specific jurisdiction exists when the claim arises from or relates to conduct purposefully directed at the forum state." *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 280, 300 (3d Cir. 2008). Partners argues that the Court has specific jurisdiction over Sardagnola "by virtue of his former employment with and breach of his obligations to Partners Pharmacy, a New Jersey based company." Partners Opp. Br. (D.E. 39), at p. 9.

Because the core claims against Sardagnola revolve around his restrictive covenant, Partners must establish that his contacts with New Jersey were "instrumental in either the formation or the breach of the contract." *See StrikeForce Techs., Inc. v. WhiteSky, Inc.*, 2013 WL 3508835, at *2 (D.N.J. July 11, 2013) (quoting *Control Screening LLC v. Tech. Application & Prod. Co.*, 687 F.3d 163, 167 (3d Cir.2012)). *StrikeForce*, decided in this District by Judge Chesler, relied on Third Circuit precedent to reach this decision on similar facts. There the

plaintiff argued that the court had specific jurisdiction over the defendant, a Delaware corporation, "based on WhiteSky's actions in and relating to New Jersey in connection with the Agreement" that formed the basis of the action. *Id.* StrikeForce submitted an affidavit highlighting "various purposeful activities by WhiteSky that were directed to New Jersey[,]" including the following:

> WhiteSky entered into a contract with a company headquartered in New Jersey. The negotiations leading to the formation of the contract occurred through numerous telephone calls directed by WhiteSky to StrikeForce in New Jersey. Further communications between the parties, via telephone and the mail, took place throughout performance of the contract. After the parties formalized their business relationship through execution of the licensing agreement, WhiteSky's founder visited StrikeForce's New Jersey offices on two occasions, once in July 2010 and once in July 2011, both of which related to the parties' licensing agreement.

*StrikeForce Techs.*, 2013 WL 3508835, at *2. Additionally, the agreement underlying the action was governed by New Jersey law. *Id.* at *3. Construing all facts regarding jurisdiction in favor of the plaintiff, as is required on a Rule 12(b)(2) motion, the court found it "both plausible and proper" to conclude that the New Jersey court had specific jurisdiction over WhiteSky. *Id.* at *2.

Similar to WhiteSky, Sardagnola entered into a contract with a New Jersey company, Partners Pharmacy LLC, which is a New Jersey limited liability company headquartered in Fort Lee, New Jersey. Declaration of Justine Cottrell, dated April 16, 2016 (D.E. 38-1) ("Cottrell Decl."), at ¶ 2. Additionally, the sole member of Partners Pharmacy is plaintiff Partners Services, a limited liability company whose ultimate members are a New Jersey corporation, a family trust whose sole trustee is a citizen of New Jersey, and individuals who include citizens of New Jersey. Am. Compl, ¶¶ 6–7.

Sardagnola visited Partners' New Jersey office on two occasions during his employment, once to discuss business strategy and once to discuss issues surrounding his alleged solicitation

of customers. *See* Sardagnola Moving Br., at p. 7. Sardagnola communicated via telephone and email with Partners' New Jersey based employees. Cottrell Decl., at ¶ 5. *See StrikeForce Techs.*, 2013 WL 3508835, at *2 (finding personal jurisdiction to exist in part on the basis of communications directed toward the forum state during the performance of the contract).

Sardagnola's purposeful connection with New Jersey is further supported by language in the restrictive covenant stating that it "is made in and shall be governed by and construed in accordance with the laws of the State of New Jersey." Sardagnola Restrictive Covenant, Exh. C to Am. Compl. As the district court in *WhiteSky* observed, "This provision, combined with the other factors discussed above, reinforces [Sardagnola's] 'deliberate affiliation with the forum State and the reasonable foreseeability of possible litigation in [New Jersey].'" *StrikeForce Techs.* at *3 (quoting *Budget Blinds, Inc. v. White*, 536 F.3d 244, 261 (3d Cir. 2008)). Accordingly, insofar as Sardagnola seeks dismissal for lack of personal jurisdiction under Rule 12(b)(2), his motion is denied.

**2. *Forum Non Conveniens***

Sardagnola also argues that the complaint should be dismissed under the doctrine of *forum non conveniens*. "The *forum non conveniens* determination is committed to the sound discretion of the trial court." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). "Ordinarily, a strong presumption of convenience exists in favor of a domestic plaintiff's chosen forum, and this presumption may be overcome only when the balance of the public and private factors clearly favors an alternate forum." *Delta Air Lines, Inc. v. Chimet, S.p.A.*, 619 F.3d 288, 295 (3d Cir. 2010).

The private interest factors affecting the convenience of the litigants include:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of

> obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.
>
> *Delta*, 619 F.3d at 296 (citations omitted).

With respect to the private interest factors, Sardagnola primarily argues that maintaining this action in New Jersey would "establish oppressiveness and vexation" to him because he "has virtually no contacts with the state of New Jersey." Sardagnola Moving Br., at p. 11. But "[a] defendant's contacts with the forum state are relevant to the *forum non conveniens* inquiry only insofar as they relate to the ease and fairness of trying a case in particular jurisdiction." *Miller v. Boston Sci. Corp.*, 380 F. Supp. 2d 443, 454 (D.N.J. 2005). Sardagnola argues that "forcing him to incur the expense and inconvenience of traveling from Massachusetts to New Jersey is burdensome[.]" Sardagnola Moving Br., at p. 12. However, any travel that Sardagnola is required to make for purposes of this litigation will be the same journey to New Jersey that he made during his employment with Partners. *See Obenchain Corp. v. Corp. Nacionale de Inversiones*, 656 F. Supp. 435, 441 (W.D. Pa. 1987), *aff'd in part, rev'd in part sub nom.* 898 F.2d 142 (3d Cir. 1990) ("In fact defendants' agents or officers found no difficulty in entering this forum to conduct business, so they cannot complain that they cannot defend here.")

Sardagnola further argues that sources of proof and witnesses are located in Massachusetts beyond this Court's subpoena power. Sardagnola Moving Br., at p. 12. However, he has not provided evidence that any key witnesses will actually be unavailable to appear in New Jersey. *See Hoffer v. InfoSpace.com, Inc.*, 102 F. Supp. 2d 556, 566 (D.N.J. 2000) (finding that a plaintiff failed to demonstrate serious inconvenience where he argued that his key witnesses would not appear in the disputed forum, but failed to provide any affidavits from those witnesses). This argument has even less appeal when one considers that the claims against him are intertwined

with those against Fantasia, who is bound to defend in New Jersey by the broad based forum selection clause discussed above. *See* Part II.A. *infra*.

The public interest factors affecting the convenience of the forum include:

> the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Id.*

With respect to public interest factors, Sardagnola's primary argument is that the claims against him lack connection with New Jersey. Sardagnola Moving Br., at p. 12. But while certain relevant activities took place in Massachusetts, he is being sued for alleged violation of a restrictive covenant entered into with a New Jersey company, governed by New Jersey law. *See Vayn v. Schaen*, 2016 WL 4211838, at *5 (D.N.J. Aug. 9, 2016) ("New Jersey has an interest in providing a forum for its citizens to recover for their injuries"). Sardagnola does not raise any issues with respect to the remaining public interest factors—i.e. court congestion, conflicts of law, or unfairly burdening jurors. To the extent that any of these considerations might exist, they are mitigated by the Court's finding above that Fantasia is contractually bound to litigate nearly identical claims against him in the District of New Jersey.

Weighing all relevant factors, Sardagnola cannot establish that maintaining this action in New Jersey is "so completely inappropriate and inconvenient" that the Court should disregard the strong presumption in favor of Partners' chosen forum and dismiss this case as to him. *See All States Freight v. Modarelli*, 196 F.2d 1010, 1011 (3d Cir. 1952) ("[*forum non conveniens*] doctrine involves the dismissal of a case because the forum chosen by the plaintiff is so

completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else"). Accordingly, insofar as Sardagnola seeks dismissal on *forum non conveniens* grounds, his motion is denied.

**3. Transfer**

Finally, Sardagnola argues that should the Court decline to dismiss this case against him on personal jurisdiction or *forum non conveniens* grounds, it should nonetheless transfer this action to the District of Massachusetts pursuant to 28 U.S.C. 1404(a). In the absence of a mandatory forum selection clause binding Sardagnola, the Court considers the private interest factors in addition to the public interest factors discussed above.

The private interest factors include: (i) "plaintiff's forum preference as manifested in the original choice"; (ii) "the defendant's preference"; (iii) "whether the claim arose elsewhere"; (iv) "the convenience of the parties as indicated by their relative physical and financial condition"; (v) "the convenience of the witnesses"; and (vi) "the location of books and records[.]" *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

Starting with the first factor, a plaintiff's choice of forum is "a paramount consideration in any determination of a transfer request" and that choice "should not be lightly disturbed." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (citation omitted). "Courts therefore normally defer to a plaintiff's choice of forum." *Vayn v. Schaen*, 2016 WL 4211838, at *4 (D.N.J. Aug. 9, 2016). While the Court acknowledges that Sardagnola would prefer to litigate in the District of Massachusetts (second factor), he is the moving party here and thus bears the burden of persuasion on a motion to transfer. *See Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973). "To overcome the presumption in favor of Plaintiff's choice of forum, [a defendant] must show that the balance of conveniences weighs 'strongly in favor' of transfer to a

more convenient forum." *Telebrands Corp. v. Mopnado*, 2016 WL 368166, at *11 (D.N.J. Jan. 12, 2016), *report and recommendation adopted*, 2016 WL 355072 (D.N.J. Jan. 28, 2016).

Sardagnola argues that Partners' choice of forum is entitled to less weight because the claims here arose in Massachusetts (third factor). *See NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F. Supp. 2d 317, 321 (D.N.J. 1998) ("when the central facts of a lawsuit occur outside of the chosen forum, plaintiff's choice of forum is accorded less weight"). Specifically, Sardagnola argues that the "operative facts relate to the alleged actions of two Massachusetts residents, employed in Massachusetts, with respect to customers located in Massachusetts." Sardagnola Moving Br., at p. 16. While the restrictive covenant claims against Sardagnola derive from a contract he entered into with a New Jersey company, governed by New Jersey law, that the facts giving rise to Partners' claims appear to have occurred predominantly in Massachusetts does lessen the weight to be afforded Partners' chosen forum.

The fourth factor requires the Court to examine "the convenience of the parties as indicated by their relative physical and financial condition[.]" *See Jumara*, 55 F.3d at 879. In this regard, Sardagnola argues that because he is a Massachusetts resident, "there can be no question that forcing him to travel to New Jersey to defend this suit, at significant expense, will result in a major inconvenience to him." Sardagnola Moving Br., at p. 17. However, as the party bearing the burden of showing that transfer is appropriate, Sardagnola has not offered any evidence of the parties' relative financial condition and, as noted above, any travel between these states, geographically close by and connected by highways, rail, and air transport as they are, will be no more burdensome than the visits he made during his employment with Partners. The Court therefore finds that this factor is neutral to the transfer analysis.

Finally, the convenience of the witnesses (fifth factor) must be considered "only to the extent that the witnesses may actually be unavailable for trial in one of the fora[,]" and the location of books and records (sixth factor) is only relevant "to the extent that the files could not be produced in the alternative forum[.]" *Id*. Sardagnola has not put forth evidence of any non-party witnesses that would be unavailable for trial in New Jersey, or indicated that relevant books and records will not be available in New Jersey, particularly where "[t]he technological advances of recent years have significantly reduced the weight of [this factor] in the balance of convenience analysis." *Lomanno v. Black*, 285 F. Supp. 2d 637, 647 (E.D. Pa. 2003).

With respect to the public interest factors, set forth *supra*, Sardagnola's primary argument is that Massachusetts has a greater local interest in adjudicating this dispute because the alleged actions giving rise to the claims against him occurred in Massachusetts. *See* Sardagnola Moving Br., at pp. 18–19. By contrast, he entered into a contract with plaintiff Partners Pharmacy LLC, a New Jersey company, and "New Jersey has an interest in providing a forum for its citizens to recover for their injuries." *Vayn v. Schaen*, 2016 WL 4211838, at *5 (D.N.J. Aug. 9, 2016). The Court therefore finds that this public interest factor is neutral.

The Court finds that the remaining public interest factors are either neutral or militate in favor of keeping this action in New Jersey. Any judgment this Court enters will be afforded full faith and credit in Massachusetts. *See SI Power LLC v. Pathway Holdings Mgmt. V, LLC*, 2016 WL 1260484, at *10 (D.N.J. Mar. 31, 2016) ("judgment rendered in . . . this District . . . could easily be registered in another district"). Neither party has raised issues of Court congestion. And resolution of the claims against Sardagnola will require the application of both New Jersey and Massachusetts law, making either District's inherent familiarity with applicable law a moot point.

Finally, "practical considerations that could make the trial easy, expeditious, or inexpensive" weigh in favor of keeping the claims against Sardagnola in New Jersey, because his co-defendant Fantasia is contractually bound to litigate nearly identical claims in New Jersey that will undoubtedly involve many, if not all, of the same witnesses. *See Platinum Partners Value Arbitrage Fund, L.P. v. TD Bank, N.A.*, 2011 WL 3329087, at *6 (D.N.J. Aug. 2, 2011) (noting that grouping related cases in the same District "serves not only private interests but the interests of justice").

After considering both the private and public interest factors, this Court finds that transfer is not appropriate under 28 U.S.C. 1404(a). The majority of factors are neutral to this analysis. Partners' choice of forum weighs against transfer, and factual connections to Massachusetts weigh in favor of transfer, making the private interest analysis effectively a wash. The claims against Sargadnola involve competing local interests of both Massachusetts and New Jersey, and the Court cannot say that one forum is more "interested" than the other. And significantly, Fantasia's co-defendant will be litigating nearly identical claims in this Court, arising out of the same set of operative facts.

In sum, Sardagnola has failed to meet his burden of showing that the balance of conveniences weighs "strongly in favor" of a transfer to Massachusetts. Accordingly, insofar as Sardagnola seeks a transfer pursuant to 28 U.S.C. 1404(a), his motion is denied.

## III. Conclusion

For the foregoing reasons, defendants' motions to dismiss and/or transfer this action to the District of Massachusetts (D.E. 33, 35) are **denied**. An accompanying Order will be filed.

s/ Katharine S. Hayden___________
Katharine S. Hayden, U.S.D.J.

Dated: December 28, 2016